UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VANESSA JOHNSON,

        Plaintiff,

v.                                              Case No. 11-C-563

BEMIS COMPANY, INC.,

        Defendant.

**ORDER**

In this ERISA action, Defendant Bemis Company moved for a protective order to preclude discovery regarding payments it made to other employees who departed the company, including payments made in exchange for releases. It argues that such payments to other employees were not made pursuant to the ERISA plan at issue in this case, and only the terms of that plan govern any award of benefits to Plaintiff.

The Supreme Court recently reiterated that the terms of the plan are what govern, and these terms cannot be changed or reformed by a judge. *CIGNA Corp. v. Amara,* 131 S.Ct. 1866, 1876-77 (2011). But the Court also confirmed that a district court may "look outside the plan's written language in deciding what those terms are, i.e., what the language means." *Id.* This is because an ERISA plan, like any contract, may be ambiguous, and such an ambiguity may be resolved through resort to extrinsic evidence. *Bland v. Fiatallis N. Am., Inc.,* 401 F.3d 779, 784 (7th Cir. 2005) (allowing extrinsic evidence to be considered "only if the language of the plan document is ambiguous and the ambiguities are not clarified elsewhere in the document").

Plaintiff is thus correct that extrinsic evidence is not automatically barred from every ERISA case. Even so, there must be a reason to look to extrinsic evidence. Plaintiff asserts that certain terms, such as "severance pay," are ambiguous, and the discovery sought could shed light on such terms. But there is no elaboration as to how the terms cited would be deemed ambiguous. Although the Plan itself is not before the Court, the Plan language quoted by Defendants does seem clear and unequivocal. Plaintiff notes that certain employees have received more in benefits than Defendant claims the Plan entitles her, but this is not evidence that the language of the Plan is ambiguous. It is not uncommon for an employer to settle a potential claim by an employee by paying the employee more than he is otherwise entitled to upon termination. Employers may choose to be more generous to certain employees for other reasons as well. Absent a showing that the Plan language itself is ambiguous, evidence of such payments cannot be used to alter or expand the benefits provided.

It is true that extrinsic evidence can sometimes be used to establish that a seemingly clear contract provision is in fact ambiguous. *AM Intern., Inc. v. Graphic Management Associates, Inc.*, 44 F.3d 572, 575-76 (7th Cir. 1995). But resort to extrinsic evidence is limited to situations in which the prior history between the parties to the contract agree to "an idiosyncratic meaning" or where an ambiguity is latent. *Id.* Plaintiff has offered no such evidence here. The fact that other employees were given more on termination does not show that Plaintiff and Defendant agreed on an idiosyncratic meaning. Experience counsels that efforts to show ambiguity are often uphill battles, and extrinsic evidence can seldom be used to *create* an ambiguity that is not apparent on the face of the contract. Thus, a litigant cannot just claim "ambiguity" and thereby gain access to countless otherwise irrelevant company documents; it must first explain why such terms are ambiguous and then link the discovery sought to the elucidation of those terms. Plaintiff has not done so here. Accordingly, the motion will be granted.

That said, I am mindful that a Rule 7(h) motion is often not a hospitable vehicle for the exploration of such arguments, and the space limitations of that rule have likely precluded Plaintiff from further elaboration. If Plaintiff can identify specific and limited documents she seeks and explain how production of those documents would be relevant to terms in the plan, and if she can convince the Court that those terms are actually ambiguous, she may file a motion to compel or seek other relief along those lines. For now, however, I am not persuaded that the plan terms are ambiguous, which means the extrinsic evidence sought is not relevant to their construction, nor is it likely to lead to the discovery of such evidence.

The motion for a protective order is **GRANTED**.

**SO ORDERED** this   12th   day of October, 2011.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge