UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VANESSA JOHNSON,

        Plaintiff,

  v.                                            Case No. 11-C-563

BEMIS COMPANY, INC.,

        Defendant.

**ORDER**

In this ERISA action, Plaintiff claimed she was due severance benefits of more than $1 million. By Plaintiff's own account (even now), much of her case was based on her subjective "beliefs" about what would happen when she told the company she was retiring and wanted a severance package. Based on how the company had treated other high-ranking individuals, she believed she was entitled to severance in line with what the company had paid these other employees. The problem was that the company's severance plan did not entitle Plaintiff to any such relief. As I noted in an order restricting discovery, the fact that a company might pay certain employees more than the plan entitles them was wholly irrelevant to any ERISA claim based on that plan. Plaintiff argued that such arrangements were suggestive of ambiguity, but that is not true. If I have an agreement with Smith for him to mow my lawn for ten dollars, and if I pay him the ten plus an additional five for a job well-done, the fact that I paid him fifteen does not mean that our original agreement of ten was ambiguous. It simply means that I paid him fifteen. The same is true here. Ultimately, it seemed that Plaintiff was attempting to shoehorn a kind of discrimination claim

into an ERISA action as though the evidence of how the company treated other employees would contribute to the meaning of the unambiguous plan terms themselves. I rejected this effort.

But I am satisfied that, although the Plaintiff's case was weak, she should not be required to pay attorney's fees. The principal reason is that Plaintiff, upon recognizing that victory was not in the cards, decided to voluntarily dismiss the action with prejudice. This is the kind of thing that courts seek to encourage, and to the extent a single district court action has any broader impact, it is hoped that other litigants will follow Plaintiff's lead under similar circumstances. Awarding fees *after* a voluntary dismissal (with prejudice) would reduce any incentive for such dismissals and would instead encourage litigants to prolong matters and increase costs.

Although I am declining to award attorney's fees, there can be no question that it is a close call. I am not unsympathetic to Bemis' suggestion that this case is more egregious because of the fact that the Plaintiff was undoubtedly one of the two or three company employees most familiar with the company's severance plan, and she would have had little basis therefore to expect such a lavish severance package. This Court is mindful of the expense and burden of litigation and the leverage that burden gives to individuals who have little to lose. Certainly Plaintiff, as a senior director of human resources, must have experienced this countless times in her career—she must have known that someone who is terminated for cause or for otherwise legitimate business reasons can often extract additional benefits from a company just by virtue of the mere *possibility* of a lawsuit, however meritless. Individuals often think that because the corporation is a faceless entity with millions or billions in revenue, there is no harm in partaking in such a dance; but in reality those costs are passed down to consumers in the form of higher prices, to stockholders (including many people's pension funds) in the form of lower profits, and they are spread among the other employees in the form of lower benefits and wages. There is, in short, no economic or social

purpose served by redistributing assets to an individual merely because that individual wields the threat of baseless litigation. To the extent a district court's decision would have any deterrent effect, an award of fees against a plaintiff would certainly be felt by the employment law bar and could reduce the leverage such employees have upon termination. But, as noted above, Plaintiff's decision to voluntarily dismiss this lawsuit with prejudice has mitigated any additional costs and suggests that Plaintiff and / or her counsel have not been pursuing baseless litigation in order to extract a penalty from the Defendant.

The motion for attorney's fees is **DENIED**. The motion to correct the reply brief is **GRANTED**.

**SO ORDERED** this   16th   day of August, 2012.

>                           s/ William C. Griesbach
>                           William C. Griesbach
>                           United States District Judge